1  CHRISTOPHER W. JAMES (SBN 289047)
   cjames@velaw.com
2  VINSON & ELKINS LLP
   350 South Grand, Suite 2100
3  Los Angeles, CA 90071
   555 Mission Street, Suite 2000
4  San Francisco, California 94105
   Telephone: 415.979.6949
5  Facsimile: 415.520.5989

6  EPHRAIM WERNICK (admitted *pro hac vice*)
   ewernick@velaw.com
7  VINSON & ELKINS LLP
   2001 Ross Avenue, Suite 3900
8  Dallas, Texas 75201
   Telephone: 202.639.6730
9  Facsimile: 202.879.8830

10 BRIANA R. FALCON (admitted *pro hac vice*)
   bfalcon@velaw.com
11 VINSON & ELKINS LLP
   845 Texas Avenue, Suite 4700
12 Houston, Texas 77002
   Telephone: 713.758.2383
13 Facsimile: 713.615.5735

14 *Attorneys for Defendant MoneyGram Payment Systems, Inc.*

## UNITED STATES DISTRICT COURT
15
## CENTRAL DISTRICT OF CALIFORNIA
16

17 | JOSE GUZMAN, FORTINO RUTILO | Case No.: 5:24-cv-404-SSS-DTB |

JOSE GUZMAN, FORTINO RUTILO
JIMENEZ, BERTHA MEZA,
GRISELDA AVILES CARRILLO and
JOSE GERARDO VALLEJO PEREZ
individually and on behalf of all others
similarly situated,

Plaintiffs.

v.

WESTERN UNION FINANCIAL
SERVICES, INC., MONEYGRAM
PAYMENT SYSTEMS, INC., DOLEX
DOLLAR EXPRESS, INC. and
FORCEPOINT, LLC.

Defendants.

Case No.: 5:24-cv-404-SSS-DTB

**ALL DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF JOINT MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Date:       March 21, 2024
Time:       2:00 p.m.
Location:   Courtroom 2
Judge:      Hon. Sunshine S. Sykes

Trial Date: None Set
Date Action Filed: February 21, 2024
First Am. Comp. Filed: April 21, 2024

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

2  **I.**    **INTRODUCTION**

3          Pursuant to Federal Rule of Evidence 201(b) and the doctrine of incorporation

4   by reference, Defendants Western Union Financial Services, Inc. ("Western Union"),

5   MoneyGram Payment Systems, Inc. ("MoneyGram"), DolEx Dollar Express, Inc.

6   ("DolEx"), and Forcepoint LLC ("Forcepoint") (collectively, "Defendants")

7   respectfully request that the Court take judicial notice of the following documents,

8   attached to Defendants' Joint Motion to Dismiss First Amended Complaint ("Motion

9   to Dismiss") or referenced by their location on the Court's docket for this case, and

10  consider them for purposes of Defendants' Motion to Dismiss:

11         1.    Declaration of Sheila A.G. Armbrust in support of Defendants' Motion

12  to Dismiss FAC ("Armbrust Decl."): Exhibits 1 through 5 to the Armbrust

13  Declaration are true and correct copies of the following documents:

14         •   **Armbrust Decl. Exhibit 1**: Western Union's Terms and Conditions as

15             of April 1, 2020. These are the Terms and Conditions that were posted

16             on Western Union's website as of April 1, 2020. They are available via

17             the Internet Archive Wayback Machine. *See Terms and Conditions*,

18             Western Union (Apr. 1, 2020),

19             https://web.archive.org/web/20200401201119/https://www.westernuni

20             on.com/us/en/terms-conditions.html.

21         •   **Armbrust Decl. Exhibit 2**: Western Union's Terms and Conditions as

22             of January 21, 2021. These are the Terms and Conditions that were

23             posted on Western Union's website as of January 21, 2021. They are

24             available via the Internet Archive Wayback Machine. *See Online Money*

25             *Transfer Terms and Conditions*, Western Union (Jan. 21, 2021),

26             https://web.archive.org/web/20210121175541/https://www.westernunion.

27             com/us/en/terms-conditions.html.

28

1
REQUEST FOR JUDICIAL NOTICE ISO OF JOINT MOT. TO DISMISS;
CASE NO.: 5:24-CV-404-SSS-DTB

- **Armbrust Decl. Exhibit 3**: Western Union's Terms and Conditions as of December 26, 2022. These are the Terms and Conditions that were posted on Western Union's website as of December 26, 2022. They are available via the Internet Archive Wayback Machine. *See Online Money Transfer Terms & Conditions*, Western Union (Dec. 26, 2022), https://web.archive.org/web/20221226143451/https://www.westernunion.com/us/en/legal/terms-conditions.html.

- **Armbrust Decl. Exhibit 4**: Western Union's Privacy Statement, updated December 19, 2019, as of August 28, 2021. This is Western Union's Privacy Statement, updated December 19, 2019, that was posted on Western Union's website as of August 28, 2021. It is available via the Internet Archive Wayback Machine. *See Privacy Statement*, Western Union (Aug. 28, 2021), https://web.archive.org/web/20210828200748/https://www.westernunion.com/content/wucom/global/en/privacy-statement.html.

- **Armbrust Decl. Exhibit 5**: Western Union's Privacy Statement, updated November 1, 2021, as of September 13, 2022. This is Western Union's Privacy Statement, updated November 1, 2021, that was posted on Western Union's website as of September 13, 2022. It is available via the Internet Archive Wayback Machine. *See Western Union's Global Privacy Statement*, Western Union (Sept. 13, 2022), https://web.archive.org/web/20220913005243/https://www.westernunion.com/global/en/privacy-statement.html.

2.    Declaration of Christopher James in support of Defendants' Motion to Dismiss FAC ("James Decl."): Exhibits 2 through 6 to the James Declaration are true and correct copies of the following documents:

- **James Decl. Exhibit 2**: Screen captures of online account creation and money transfer transaction flow on MoneyGram's website, as of

2

November 21, 2024.  The images were captured by Vinson & Elkins attorneys starting at MoneyGram's homepage (https://www.moneygram.com/mgo/us/en/) and navigating through account creation and a sample transfer request.

- **James Decl. Exhibit 3**: MoneyGram Global Privacy Notice, updated November 18, 2021, that was posted on MoneyGram's website as of March 20, 2022.  It is available via the Internet Archive Wayback Machine, using the following URL: https://web.archive.org/web/20220320132914/http://www.moneygram.com/intl/privacy-notice, and selecting "English" as the preferred language.

- **James Decl. Exhibit 4**: MoneyGram's U.S. Privacy Statement, updated November 18, 2021, that was posted on MoneyGram's website as of October 21, 2022. It is available via the Internet Archive Wayback Machine, using the following URL: https://web.archive.org/web/20221021153119/http://www.moneygram.com/intl/documents/V2-Documents/MPSI-US-Privacy-Notice-EN-Sept-2020.pdf.

- **James Decl. Exhibit 5**: MoneyGram's U.S. Privacy Statement, updated September 2020, that was posted on MoneyGram's website as of October 6, 2021. It is available via the Internet Archive Wayback Machine, using the following URL: https://web.archive.org/web/20211006153612/http://global.moneygram.com/Documents/V2-Documents/MPSI-US-Privacy-Notice-EN-Sept-2020.pdf.

- **James Decl. Exhibit 6**: MoneyGram's Terms and Conditions for in-person transactions, as available on MoneyGram's website on November 24, 2024.  It is available by navigating to https://moneygram.com/terms/

3

and selecting "North America," "United States," and "US English-Spanish."

3.  Declaration of Katherine L. Alphonso in support of Defendants' Motion to Dismiss FAC ("Alphonso Decl."): Exhibits 1 through 2 to the Alphonso Declaration are true and correct copies of the following documents:

- **Alphonso Decl. Exhibit 1**: DolEx's Privacy Policy, effective May 2021, as available on DolEx's website on July 27, 2021. It is available via the Internet Archive Wayback Machine, using the following URL: https://web.archive.org/web/20210727032922/https://www.dolex.com/en-us/Page/Privacy.

- **Alphonso Decl. Exhibit 2**: DolEx's User Agreement, as available on DolEx's website on July 27, 2021. It is available via the Internet Archive Wayback Machine, using the following URL: https://web.archive.org/web/20210727014616/www.dolex.com/en-us/Page/UserAgreement.

4.  **Dkt. 42-2** is the Declaration of Jessica Kelly in Support of Defendant MoneyGram's Motion to Compel Arbitration and Stay Proceedings ("Kelly Arbitration Decl."), signed June 21, 2024.  Exhibits D-1 through D-6 to the Kelly Arbitration Declaration are true and correct copies of the following documents:

- **Dkt 42-6, Kelly Arbitration Decl. Exhibits D-1 through D-6**: Scanned copies of MoneyGram confirmation forms used at MoneyGram in-person agent locations for money transfer transactions, more specifically exemplar confirmation forms physically signed by Plaintiff Fortino Rutilo Jimenez for six transactions he completed at MoneyGram agent locations during the FAC's relevant period.  The authenticity of these signatures and documents was verified by Mr. Jimenez in his July 19, 2024, declaration in opposition to MoneyGram's arbitration motion. Dkt. 64, ¶12.

4

5.    **Dkt. 64** is the Declaration of Fortino Rutilo Jimenez in Support of Plaintiff's Opposition to Defendant MoneyGram's Motion to Compel Arbitration of Plaintiff's FAC ("Jimenez Arbitration Decl."). Exhibit 1 to the Jimenez Arbitration Declaration is a true and correct copy of the following document:

- **Dkt. 65, Jimenez Arbitration Decl. Exhibit 1**: A copy of a MoneyGram receipt that Mr. Jimenez authenticated as having "received when transferring money in-person [at] MoneyGram on May 9, 2022," and as being "similar to other receipts [he] received [at] MoneyGram." Jimenez Arbitration Decl., ¶20.

6.    **Dkt. 71** is the Declaration of Jamal Khalaf in Support of Western Union Financial Services, Inc.'s Motion to Stay Proceeding as to Western Union Financial Services, Inc. Pursuant to Section 3 of the Federal Arbitration Act. Exhibit 1 (**Dkt. 71-1**) to the Khalaf Declaration is a true and correct copy of the front side of Plaintiff Meza's signed receipt from her September 10, 2022 in-person transaction.

7.    **Dkt. 47-5** is the Declaration of Lisa Sherman in Support of Western Union Financial Services, Inc.'s Motion to Stay Proceeding as to Western Union Financial Services, Inc. Pursuant to Section 3 of the Federal Arbitration Act. Exhibits 1 and 2 (**Dkts. 47-6, 47-7**) to the Sherman Declaration are true and correct electronic copies of the text on the back of thermal receipts during 2022, when Plaintiff Meza completed her in-person transaction.

8.    **Dkt. 47-3** is the Declaration of Chandresh Pant in Support of Western Union Financial Services, Inc.'s Motion to Stay Proceeding as to Western Union Financial Services, Inc. Pursuant to Section 3 of the Federal Arbitration Act. The Chandresh Declaration includes screen captures of the registration and review pages for money transfers made through Western Union's website and mobile application that Plaintiff Guzman would have encountered when registering for an account and when sending money transfers. *See* Dkt. 47-3 at 2, 4, 5, 7.

REQUEST FOR JUDICIAL NOTICE ISO OF JOINT MOT. TO DISMISS; CASE NO.: 5:24-CV-404-SSS-DTB

1    9.    **Dkt. 61** is the Declaration of Jose Gerardo Vallejo Perez in Support of

2    Plaintiff's Opposition to Defendant DolEx's Motion to Compel Arbitration of

3    Plaintiff's FAC ("Perez Arbitration Decl."). **Dkt. 61-1** is the English translation of

4    the Perez Arbitration Decl. Exhibit 1 to the Perez Arbitration Declaration is a true and

5    correct copy of the following document:

6    • **Dkt. 61, Perez Arbitration Decl. Exhibit 1**: Copies of DolEx's receipt

7    that Mr. Perez authenticated as the receipts he was provided at the

8    conclusion of his various transfer transactions with DolEx. Perez

9    Arbitration Decl., ¶¶ 2-3.

10   **II.    LEGAL STANDARD**

11   **A.    Judicial Notice**

12   When ruling on a motion to dismiss, a court must consider material that is

13   appropriate for judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S.

14   308, 322 (2007). Under Rule 201 of the Federal Rules of Evidence, "[t]he court may

15   judicially notice a fact that is not subject to reasonable dispute because it . . . can be

16   accurately and readily determined from sources whose accuracy cannot reasonably be

17   questioned." Fed. R. Evid. 201(b)(2). A court "*must* take judicial notice if a party

18   requests it and the court is supplied with the necessary information." Fed. R. Evid.

19   201(c)(2) (emphasis added).

20   The existence of webpages and a site's various policies are judicially noticeable

21   facts because they appear on publicly available websites and their authenticity cannot

22   be reasonably questioned. *See Brown v. Google, LLC*, 525 F. Supp. 3d 1049, 1061

23   (N.D. Cal. 2021) (taking judicial notice of a website's privacy policy and webpages);

24   *Mazur v. eBay, Inc.*, 2008 WL 618988, at *1 n.1 (N.D. Cal. Mar. 4, 2008) (taking

25   judicial notice of various user agreements and webpages). This includes "the contents

26   of web pages available through the [Internet Archive's] Wayback Machine," because

27   they "can be accurately and readily determined from sources whose accuracy cannot

28   reasonably be questioned." *UL LLC v. Space Chariot, Inc.*, 250 F. Supp. 3d 596, 604

6

n.2 (C.D. Cal. 2017) (quoting *Erickson v. Nebraska Mach. Co.*, No. 15-CV-01147-JD, 2015 WL 4089849, at *1 n.1 (N.D. Cal. July 6, 2015)); *see also, e.g.*, *EVO Brands, LLC v. Al Khalifa Grp., LLC*, 657 F. Supp. 3d 1312, 1322–23 (C.D. Cal. 2023) (citing cases).

### B. Incorporation By Reference.

The doctrine of incorporation by reference is distinct from judicial notice. It permits a court to "consider documents in situations where the complaint necessarily relies upon a document or the contents of a document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). Under the doctrine, a court may consider certain documents as part of the complaint itself, thereby preventing plaintiffs from cherry-picking portions of documents that support their claims, while omitting portions of those very documents that weaken their claims. *Lytle v. Nutramax Labs., Inc.*, No. EDCV 19-835 JGB (SPx), 2019 WL 8060077, at *2 (C.D. Cal. Dec. 6, 2019); *see also Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (explaining that "[p]reventing plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based" is a key policy concern underlying incorporation by reference), *superseded by statute on other grounds*.

### III. **ARGUMENT**

The exhibits attached to the Armbrust, James, and Alphonso Declarations are subject to judicial notice and are incorporated by reference into Plaintiffs' FAC. *First*, Exhibits 1–5 of the Armbrust Declaration, Exhibits 2–6 of the James Declaration, and Exhibits 1 and 2 of the Alphonso Declaration are terms and conditions, privacy policies, user agreements, and website process flows that are publicly available on Defendants' individual websites or were during the FAC's relevant time period. The existence and contents of these websites are not subject to reasonable dispute because they can be readily obtained through resources—Internet Archive's Wayback

7

1    Machine—whose accuracy cannot be reasonably questioned. *See* Fed. R. Evid. 201(b);

2    *UL LLC*, 250 F. Supp. 3d at 694 n.2.

3        *Second*, Defendants' disclosure and policy documents are also incorporated by

4    reference into the FAC. The FAC makes frequent and repeated reference to the alleged

5    failure of Defendants' disclosures and customer notices to put Plaintiffs on notice that

6    their data could be reported to law enforcement. *See, e.g.*, FAC ¶¶ 9, 55–58, 73–76,

7    111, 112, 116–120, 150, 152. This alleged failure serves as a basis for Plaintiffs' claims.

8    *See, e.g.*, *id.* ¶ 145 ("Plaintiffs, Class members, and Subclass members had a reasonable

9    expectation of privacy in the Protected Personal Information that MTB Defendants and

10   Database Defendant disclosed without authorization."); *id.* ¶ 149 ("A reasonable

11   person would find it highly offensive that MTB Defendants and the Database

12   Defendant intentionally remitted Plaintiffs', Class members', and Subclass members'

13   Protected Personal Information and related data … without notice or consent to do

14   so."); *id.* ¶ 153 (Plaintiffs' "reasonable expectations of privacy were frustrated and

15   defeated"). Plaintiffs cannot "deliberately omit[]" other aspects of its privacy policies.

16   *See Parrino*, 146 F.3d at 706.

17       In addition, Plaintiff Meza's signed receipt (Dkt. 71-1), the true and correct

18   electronic copies of the back of the thermal receipts at the time of Plaintiff Meza's

19   transaction (Dkts. 47-6, 47-7), and the screen captures of Western Union's mobile

20   application and website that Plaintiff Guzman would have encountered (Dkt. 47-3 at 2,

21   4, 5, 7) are incorporated by reference and properly subject to judicial notice. So too are

22   Kelly Arbitration Decl. Exhibits D1 – D6 and Jimenez Arbitration Decl. Exhibit 1,

23   which are copies of certain documents MoneyGram provided specifically to Plaintiff

24   Jimenez during in-person transactions, and that Mr. Jimenez declared under oath were

25   both authentic and representative of other notices he received for all of his (hundreds

26   of) in-person transactions at MoneyGram agent locations. Perez Arbitration Decl.

27   Exhibit 1 is also incorporated by reference and properly subject to judicial notice, since

28   it is copies of DolEx receipts signed by Plaintiff Perez during his in-person

8

transactions, which he too declared, under oath, were both authentic and representative of other receipts that resulted from his various in-person transactions with DolEx.

These documents are incorporated by reference into the FAC by virtue of the extensive references to and reliance on such documents (as described above) to form the basis of Plaintiffs' California Constitutional claim that MTB Defendants failed to put Plaintiffs on notice that their data could be reported to law enforcement. Additionally, it is appropriate for the Court to take judicial notice of such documents as they are (i) offered only for the notice they provided to Plaintiffs; (ii) and the fact that Plaintiffs received the documents and the notices contained therein cannot reasonably be disputed. *See* F.R.E. 201(b)(2). Indeed, "[i]t is well established that a court can take judicial notice of its own files and records under Rule 201 of the Federal Rules of Evidence," including previously filed declarations and exhibits thereto. *Vasserman v. Henry Mayo Newhall Mem. Hosp.*, 65 F. Supp. 3d 932, 943 (C.D. Cal. 2014) (citing *In re Linda Vista Cinemas, LLC*, 442 B.R. 724, 740 n.7 (Bankr. D. Ariz. 2010)); *see also, e.g.*, *Singh v. Bank of N.Y. Mellon*, No. CV 17-01178 AG (JCGx), 2017 WL 8793226, at *1 (C.D. Cal. Nov. 17, 2017) (at the plaintiff's request, taking judicial notice at the motion to dismiss stage of a declaration that the plaintiff had previously filed with an application for a temporary restraining order); *Molus v. Swan*, No. 05-cv-452-MMA, 2009 WL 160937, at *2 (S.D. Cal. Jan. 22, 2009); *Lie Tie v. Peng Chan*, No. ED CV 14-01211-BRO (FFMx), 2015 WL 13260486, at *4 (C.D. Cal. Oct. 2, 2015). In fact, Defendants request judicial notice of these documents out of an abundance of caution, as this Court has recognized that it "need not take judicial notice of previously filed documents in this action." *Medina v. Circle K Stores, Inc.*, No. EDCV 22-557 JGB (KKx), 2022 WL 16966534, at *2, n.1 (C.D. Cal. Sept. 7, 2022) (declaration previously filed in the same action considered in assessing motion to dismiss for failure to state a claim); *see also Acosta v. City of Chino*, No. CV 18-914 DSF (KKx), 2021 WL 9700611, at *4 (C.D. Cal. Sept. 1, 2021) (granting judicial notice request but advising for future reference that parties "*need not seek judicial notice of*

9

1    *documents previously filed in the same case.* An accurate citation will suffice")
2    (emphasis added).

3    **IV.    CONCLUSION**

4    Because judicial notice of the above documents is proper under the Federal Rules
5    of Evidence and the incorporation by reference doctrine, Defendants respectfully
6    request this Court take judicial notice of the above listed exhibits, attached to the
7    various declarations in support of Defendants' Joint Motion to Dismiss Plaintiffs' First
8    Amended Complaint, or filed previously with this Court.

9
10   Dated:  November 25, 2024            VINSON & ELKINS LLP

11                                       By:  /s/ *Christopher W. James*
                                              Ephraim Wernick
12                                            Christopher W. James
                                              Briana R. Falcon
13
                                              *Attorneys for Defendant*
14   ///                                      *MoneyGram Payment Systems, Inc.*
15   ///
16   ///
17   ///
     ///
18   Dated: November 25, 2024             SIDLEY AUSTIN LLP

19                                        By:  /s/ *Sheila A.G. Armbrust*
20                                             Sheila A.G. Armbrust (SBN 265998)
                                               sarmbrust@sidley.com
21                                             555 California Street
                                               San Francisco, CA 94104
22                                             Telephone: (415) 772-7430

23                                             Jodi E. Lopez (SBN 231117)
24                                             jlopez@sidley.com
                                               350 South Grand Ave.
25                                             Los Angeles, CA 90071
                                               Telephone: (213) 896-6000
26

27

28

REQUEST FOR JUDICIAL NOTICE ISO OF JOINT MOT. TO DISMISS;
CASE NO.: 5:24-CV-404-SSS-DTB

Hille R. Sheppard (*pro hac vice*)
Joseph R. Dosch (*pro hac vice*)
Andrew F. Rodheim (*pro hac vice*)
hsheppard@sidley.com
jdosch@sidley.com
arodheim@sidley.com
One South Dearborn
Chicago, IL 60603
Telephone: (312) 853-7000

*Attorneys for Defendant*
*Western Union Financial Services, Inc.*

Dated: November 25, 2024          DUANE MORRIS LLP

By:  /s/ *Daniel M. Doft*
Courtney L. Baird (SBN 234410)
clbaird@duanemorris.com
865 South Figueroa Street, Suite 3100
Los Angeles, CA  90017-5450
Telephone: (619) 744-2200
Fax: (619) 744-2201

Aaron T. Winn (SBN 229763)
Daniel M. Doft (SBN 317204)
atwinn@duanemorris.com
ddoft@duanemorris.com
750 B Street, Suite 2900
San Diego, CA 92101
Telephone: (619) 744-2200

*Attorneys for Defendant*
*FORCEPOINT LLC*

Dated: November 25, 2024          KAUFMAN DOLOWICH, LLP

By:  /s/ *Katherine L. Alphonso*
Tad A. Devlin (SBN 190355)
Marcus Dong (SBN 251723)
Katherine L. Alphonso (SBN 314926)
2100 California Street, Suite 2100
San Francisco, CA 94104
tdevlin@kdvlaw.com
mdong@kaufmandolowich.com
kalphonso@kaufmandolowich.com
Telephone: 415.926.7600

*Attorneys for Defendant*
*DOLEX DOLLAR EXPRESS, INC.*

11

1

2       I, Christopher W. James, attest that Sheila A.G. Armbrust of Sidley Austin, LLP,

3 Daniel M. Doft of Duane Morris, LLP, and Katherine L. Alphonso of Kaufman
Dolowich, LLP, have read and approved ALL DEFENDANTS' REQUEST FOR

4 JUDICIAL NOTICE IN SUPPORT OF JOINT MOTION TO DISMISS FIRST
AMENDED COMPLAINT and consent to its filing in this action, and to affixing their

5 signatures to it.

6                 */s/ Christopher W. James*

7                 Christopher W. James

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REQUEST FOR JUDICIAL NOTICE ISO OF JOINT MOT. TO DISMISS;
CASE NO.: 5:24-CV-404-SSS-DTB